[606 NYS2d 319]

In the Matter of EDMUNDO ROMAN-PEREZ, an Attorney, Respondent. GRIEVANCE COMMITTEE FOR THE SECOND AND ELEVENTH JUDICIAL DISTRICTS, Petitioner.

Second Department, January 10, 1994

APPEARANCES OF COUNSEL

*Robert H. Straus,* Brooklyn *(Mark F. DeWan* of counsel), for petitioner.

*Thomas R. Jones,* Brooklyn, for respondent.

## OPINION OF THE COURT

Per Curiam.

In this proceeding the respondent is charged with 10 allegations of professional misconduct. All the charges emanate from the respondent's representation of one client in a single legal matter. The Special Referee sustained Charge One, and Charges Three through Ten. The Special Referee did not sustain Charge Two. The petitioner now moves to confirm the report of the Special Referee. The respondent cross-moves to disaffirm the report of the Special Referee with respect to the nine charges sustained.

Charge One alleged that the respondent intentionally failed to carry out a contract of employment entered into with a client for professional services. In or about April 1986, a client retained the respondent and paid him $500 to prosecute her action for an uncontested divorce. In or about April 1986 the respondent prepared and had served upon the client's husband a summons and complaint for a divorce. On or about July 28, 1986, the parties executed a stipulation of settlement of the divorce action. On the same day after the stipulation of settlement had been executed, the respondent advised the parties that they could consider themselves single from that day forward. Thereafter, the respondent failed to file with the court any necessary papers in the divorce action. As a direct result of the respondent's failure to act, the parties remained married. By engaging in the aforesaid conduct, the respondent violated Code of Professional Responsibility DR 7-101 (A) (2) (22 NYCRR 1200.32 [a] [2]).

Charge Three alleged that the respondent intentionally prejudiced or damaged a client during the course of their professional relationship. In or about the fall of 1986, the respondent assured his client that her divorce action was final and completed, but failed to provide her with a copy of her divorce judgment after she made numerous requests for it. In or about May 1991 the respondent's client entered into a contract to purchase a house in Philadelphia, Pennsylvania, with her fiancé. In or about May 1991 when she requested from the respondent a certified copy of her divorce judgment,

which was required as part of her mortgage application, the respondent falsely stated to his client that he had located the judgment and would immediately forward a copy to her. Thereafter, the respondent failed to forward a copy of the divorce judgment.

In or about June 1991 after the client had telephoned the respondent's office on numerous occasions for the purpose of obtaining information about her divorce judgment, the respondent falsely stated to his client that he would go to the Queens County Clerk's office on the following day, obtain a certified copy of her divorce judgment, and forward it to her immediately. The respondent failed to so forward the certified copy. In or about July 1991 after the client had telephoned the respondent's office on numerous occasions to obtain information about her divorce judgment, the respondent agreed to send, via facsimile, a copy of the divorce judgment to the mortgage corporation, where the respondent's client had made an application for a loan, and a certified copy of the divorce judgment to the client by regular mail. On or about July 17, 1991, the respondent sent via facsimile to the mortgage corporation a document which was falsely represented to be a divorce judgment from the Supreme Court, Queens County. The respondent failed to mail to his client a certified copy of the divorce judgment.

In or about August and September 1991 the respondent's client called his office on numerous occasions to request a certified copy of her divorce judgment, which she needed to obtain a marriage license from the City of Philadelphia. The client and her fiancé had made plans to be married on October 19, 1991. After agreeing to send to his client a certified copy of the divorce judgment, the respondent again failed to do so. On October 1, 1991, the client learned from the Queens County Clerk's Office that no papers had ever been filed in the divorce action, and that the document which the respondent had provided to her as a purported divorce judgment was, in fact, a false simulation of a divorce judgment. On or about October 1, 1991, after learning that the purported divorce judgment was false, the client telephoned the respondent, who falsely stated that he possessed a certified copy of the divorce judgment she was seeking and that she could pick it up at his office.

On or about October 1, 1991, at the respondent's office, the respondent falsely stated to his client that his briefcase, containing the divorce judgment, had been stolen, but that he

would obtain a certified copy of the divorce judgment and deliver it to the client's fiancé's law office by October 4, 1991. On or about October 2, 1991, the respondent admitted to his client and her fiancé that he had never obtained a divorce judgment. As a result, his client suffered damage and prejudice. Furthermore, by engaging in the aforesaid conduct, the respondent violated Code of Professional Responsibility DR 7-101 (A) (3) (22 NYCRR 1200.32 [a] [3]).

Charge Four alleged that the respondent knowingly made false statements of law or fact during the representation of a client. The respondent's conduct, as set out in Charge Three, violated Code of Professional Responsibility DR 7-102 (A) (5) (22 NYCRR 1200.33 [a] [5]).

Charge Five alleged that the respondent engaged in conduct involving dishonesty, fraud, deceit or misrepresentation. The respondent's conduct, as set forth in Charges One and Three violated Code of Professional Responsibility DR 1-102 (A) (4) (22 NYCRR 1200.3 [a] [4]).

Charge Six alleged that the respondent participated in the creation or preservation of evidence when he knew that the evidence was false. The respondent's conduct, as set out in Charges One and Three, violated Code of Professional Responsibility DR 7-102 (A) (6) (22 NYCRR 1200.33 [a] [6]).

Charge Seven alleged that the respondent knowingly used false evidence. The respondent's conduct as set forth in Charges One and Three violated Code of Professional Responsibility DR 7-102 (A) (4) (22 NYCRR 1200.33 [a] [4]).

Charge Eight alleged that the respondent neglected a legal matter which was entrusted to him. The respondent's conduct, as set forth in Charges One and Three, violated Code of Professional Responsibility DR 6-101 (A) (3) (22 NYCRR 1200.30 [a] [3]).

Charge Nine alleged that the respondent engaged in conduct prejudicial to the administration of justice. The respondent's conduct, as set forth in Charges One, Two, and Three violated Code of Professional Responsibility DR 1-102 (A) (5) (22 NYCRR 1200.3 [a] [5]).

Charge Ten alleged that the respondent engaged in conduct that adversely reflects on his fitness to practice law. The respondent's conduct, as set forth in Charges One and Three through Nine violated Code of Professional Responsibility DR 1-102 (A) (7) (22 NYCRR 1200.3 [a] [7]).

Upon a review of the evidence adduced and the respondent's

admissions, we conclude that Charge One, and Charges Three through Ten were properly sustained. The petitioner's motion to confirm is therefore granted. The respondent's cross motion to disaffirm, in part, the report of the Special Referee is denied.

In determining an appropriate measure of discipline to impose, we have considered the respondent's lack of prior discipline. Nevertheless, the respondent is guilty of a continual pattern of egregious misconduct toward his client. It is therefore, the decision of this Court that the respondent be suspended from the practice of law for a period of five years.

MANGANO, P. J., THOMPSON, BRACKEN, SULLIVAN and JOY, JJ., concur.

Ordered that the petitioner's motion to confirm the report of the Special Referee is granted, and Charges One, and Three through Ten are sustained; and it is further,

Ordered that the respondent's cross motion is denied; and it is further,

Ordered that the respondent, Edmundo Roman-Perez, is suspended from the practice of law for a period of five years, commencing January 31, 1994, and continuing until the further order of this Court, with leave to the respondent to apply for reinstatement no sooner than six months prior to the expiration of that period of five years upon furnishing satisfactory proof (a) that during that period he refrained from practicing or attempting to practice law, (b) that he has fully complied with this order and with the terms and provisions of the written rules governing the conduct of disbarred, suspended and resigned attorneys (22 NYCRR 691.10), and (c) that he has otherwise properly conducted himself; and it is further,

Ordered that pursuant to Judiciary Law § 90, during the period of suspension and until the further order of this Court, the respondent, Edmundo Roman-Perez, shall desist and refrain (1) from practicing law in any form, either as principal or agent, clerk, or employee of another, (2) from appearing as an attorney or counselor-at-law before any court, Judge, Justice, board, commission, or other public authority, (3) from giving to another an opinion as to the law or its application or any advice in relation thereto, and (4) from holding himself out in any way as an attorney and counselor-at-law.